Filed 8/20/15  P. v. Anderson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


THE PEOPLE,

    Plaintiff and Respondent,

v.

STEPHANIE JEAN ANDERSON,

    Defendant and Appellant.

E063151

(Super.Ct.No. FVI1301441)

OPINION


APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Stephanie Jean Anderson appeals from an order denying her petition to reduce her receiving a stolen vehicle (Pen. Code, § 496d, subd. (a))[1] conviction to a misdemeanor pursuant to section 1170.18. We find no error and will affirm the order.

## I

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On March 5, 2013, the victim was at a gas station when he observed a white male steal his red 1991 Mazda truck. The truck, which was found in the possession of an auto mechanic, was recovered on May 20, 2013. The mechanic said defendant had sold the truck to him. The victim did not know the white male who took his truck or defendant and had never given defendant permission to drive or sell his truck. According to a California Department of Motor Vehicle (DMV) vehicle report dated March 5, 2013, the victim last saw his truck on March 5, 2013, and estimated the value of his truck by marking a preprinted box that listed a range of $301-$4,000.

In approximately March 2013, defendant sold the 1991 Mazda truck to Enrique Chavez for $500. Defendant told Chavez that she did not have title to the truck but filled out a bill of sale and forged the victim's name to permit Chavez to obtain title for the vehicle. Defendant claimed that she had obtained the truck from a friend and did not know it had been stolen.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background is taken from the police reports.

In a DMV vehicle report dated May 20, 2013, an investigating officer estimated the value of the truck to be $1,000, and described the truck as in "poor" condition.

On May 22, 2013, a felony complaint was filed charging defendant with forgery (§ 470, subd. (d); count 1); unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 2); and receiving a stolen motor vehicle (§ 496d, subd. (a); count 3). The complaint further alleged that defendant had suffered three prior prison terms within the meaning of section 667.5, subdivision (b).

On May 30, 2013, pursuant to a negotiated plea agreement, defendant pled guilty to count 3 and admitted that she had suffered two prior prison terms. In return, the remaining allegations were dismissed, and defendant was sentenced to a five-year split sentence (the upper term of three years on the substantive offense, plus two consecutive one-year terms for the prior prison term allegations), with 16 months to be served in county jail and 44 months under mandatory supervision on various terms and conditions.

Defendant subsequently violated the terms and conditions of her mandatory supervision. On June 24, 2014, defendant's mandatory supervision was revoked and terminated.

On September 16, 2014, defendant admitted to violating the terms and conditions of her mandatory supervision. Defendant was thereafter sentenced to five years in county jail, with 36 months to be served in local custody and 24 months under mandatory supervision on various terms and conditions.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On December 22, 2014, defendant filed a petition to reduce her felony receiving a stolen vehicle conviction to a misdemeanor and for resentencing pursuant to section 1170.18.

On January 23, 2015, the trial court considered and denied defendant's petition, finding defendant did not satisfy the criteria under section 1170.18. Defendant filed a timely notice of appeal from that order on March 17, 2015.

II

DISCUSSION

After defendant appealed, upon her request, this court appointed counsel to represent her on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and she has not done so.

The passage of Proposition 47 created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47.  (§ 1170.18, subd. (a).)  If a defendant properly seeks recall and resentencing pursuant to section 1170.18, subdivision (a), the trial court must grant resentencing unless, in its discretion, it determines resentencing "would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)  Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, is receiving stolen property where the property value does not exceed $950.  (§ 496, subd. (a).)

Here, defendant did not plead guilty to receiving stolen property in violation of section 496, but receiving a stolen motor vehicle in violation of section 496d.  As such, defendant was ineligible.  Even if we assume the Legislature contemplated that section 496d apply as among one of the crimes under Proposition 47, the record shows the value of the vehicle received exceeded $950.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

5

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.